UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on November 3, 2006

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | MAGISTRATE NO. 07-MJ-057 |
| | : | |
| JOSEPH S. WINTSTEAD, | : | VIOLATIONS:  18 U.S.C. § 1341 |
| | : | (Mail Fraud); § 2 (Causing an Act to be |
| Defendant. | : | Done); § 1711 (Misappropriation of |
| | : | Postal Funds); and 28 U.S.C. |
| | : | § 2461(c) (Criminal Forfeiture) |

**INDICTMENT**

The Grand Jury charges that**:**

**COUNTS ONE THROUGH THREE – MAIL FRAUD**

Introduction

At all times material to this Indictment:

1.  The United States Postal Service (hereinafter "USPS") operated the Curseen-Morris Processing and Distribution Center at 900 Brentwood Road, N.E., in the District of Columbia (hereinafter "Curseen-Morris").

2.  Defendant JOSEPH S. WINSTEAD was employed by the USPS as a Mail Processor, primarily at Curseen-Morris.  Included within defendant's duties, among others, was the processing of United States mail.

3.  When a USPS employee was called for jury service in federal court, the employee was entitled to be paid his or her normal salary while they actually served as a juror or prospective juror. The employee was required, however, to submit documentation from the court showing the days that

they actually were serving as a juror or prospective juror so the employee could be paid for court leave. Absent such documentation, the employee would be placed on leave without pay or absence without leave from USPS.

    4. When individuals were called for jury service in the United States District Court for the District of Columbia, the Court would send a Summons for Jury Service to the individual to appear. When the individual arrived at the court building, he or she would report to the Jury Office on the fourth floor. The prospective juror would bring his or her Summons and scan it in to show that they had reported. There was a bar code on the Summons and a Juror Qualification Questionnaire provided to the prospective juror and the bar code was scanned every day to record attendance. Individuals summoned for jury service were given an orientation before the jury selection process started.

    5. When an individual was selected to participate as a prospective juror in a specific trial, the courtroom deputy would do a head count by calling out each individual's four digit juror number. The deputy would require a response for each person called, or would note an absence.

    6. Attendance records were available for jurors to pick up every day in the Jury Office. The sheets were printed out and available to the jurors. A print out of attendance for each juror was recorded daily, and it showed a cumulative list of dates served by the juror. A court employee would also handwrite the dates of service on the back of the Juror Qualification Questionnaire showing each day the juror was in attendance.

    7. During orientation, on the back of their Summons, and often by the District Judge during trial, jurors were told that on days when the jury was not sitting in Court that they should report to work or follow their normal routine.

The Scheme and Artifice

8. From on or about October 1, 2003, until on or about October 15, 2004, defendant WINSTEAD knowingly and willfully devised and intended to devise a scheme and artifice to defraud the USPS and obtain money from the USPS by means of false and fraudulent pretenses and representations, well knowing that the pretenses and representations were false and fraudulent when made.

The Purpose of the Scheme and Artifice

9. The purpose of this scheme and artifice was for defendant WINSTEAD to obtain money; that is, his salary from the USPS, for days he did not actually work at his job at USPS by claiming he was not at work due to a legitimate reason, jury service, when in fact he was not actually engaged in jury service on certain days he claimed to be.

Manner and Means Used to Carry out the Scheme and Artifice

10. In or about the Fall of 2003, defendant WINSTEAD was sent a Summons by the United States District Court for the District of Columbia to appear for jury service on or about October 1, 2003. Defendant WINSTEAD did so appear and went through a juror orientation on or about October 1, 2003.

11. Pursuant to the summons discussed in paragraph 10, above, defendant WINSTEAD did in fact serve on a jury and did submit to his supervisors documentation that he so served. Defendant WINSTEAD, however, also submitted fraudulent documents showing him serving on the jury for approximately 144 days when he in fact did not do so, including many days past his dismissal from the jury on or about April 15, 2004.

12. As a result of defendant WINSTEAD's actions as set forth in paragraph 11, above, defendant WINSTEAD was paid by the USPS approximately $31,757.79 that he should not have been paid.

## Use of the Mails in Furtherance of the Scheme and Artifice

13. On or about the approximate dates listed below, defendant WINSTEAD, for the purpose of executing and attempting to execute the scheme and artifice, did place and cause to be placed in an authorized depository for mail matter an envelope, containing fraudulent documents which purported to be court documents showing defendant WINSTEAD's attendance in court on specific dates as a juror, to be sent and delivered by the United States Postal Service. The envelopes were sent by certified mail and addressed to Linda Jackson, Attendance Control Tour-1, Curseen Morris P&DC, 900 Brentwood Road, N.E., Washington, D.C. 20066, with the return address being for defendant WINSTEAD in Washington, D.C.:

| Count | Date (on or about) | Mailed Fraudulent Document |
|---|---|---|
| 1 | June 29, 2004 | Showing WINSTEAD's attendance in court on June 16, 17, 18, 21, 22, 23, 24, 25, 28 and 29, 2004 |
| 2 | August 6, 2004 | Showing WINSTEAD's attendance in court on July 26, 27, 28, 29, 30 and August 2, 3, 4, 5 and 6, 2004 |
| 3 | September 17, 2004 | Showing WINSTEAD's attendance in court on September 7, 8, 9, 10, 13, 14, 15, 16, and 17, 2004 |

**(Mail Fraud and Causing an Act to be Done, in violation of
Title 18, United States Code, Sections 1341 and 2)**

## COUNT FOUR – MISAPPROPRIATION OF POSTAL FUNDS

<u>Introduction</u>

At all times material to this Indictment:

14.  Paragraphs One through Seven of Counts One through Three of this Indictment are incorporated by reference as if set forth in full herein.

<u>The Scheme to Misappropriate Postal Funds</u>

15.  From on or about April 3, 2006, until on or about June 23, 2006, defendant WINSTEAD devised a scheme to embezzle and misappropriate approximately $7,166.16 in postal funds.

16.  In or about the Fall of 2005, defendant WINSTEAD was sent a Summons by the United States District Court for the District of Columbia to appear for jury service to be on call from on or about March 27, 2006, through on or about April 10, 2006.  Defendant WINSTEAD did so appear and went through a juror orientation.

17.  Pursuant to the Summons discussed in paragraph 16, above, defendant WINSTEAD did in fact serve on a jury and did submit to his supervisors documentation that he so served.  Defendant WINSTEAD, however, also submitted fraudulent documents showing him serving on a jury for approximately 40 days when he in fact did not do so, including many days past his last day of service on or about April 28, 2006.

18.  As a result of defendant WINSTEAD's actions as set forth in paragraph 17, above, defendant WINSTEAD was paid by the USPS approximately $7,166.16 that he should not have been paid.

19.  Between on or about April 3, 2006, and on or about June 23, 2006, within the District of Columbia, defendant WINSTEAD, being a USPS employee, in a continuing course of conduct

did willfully and wrongfully convert to his own use United States currency totaling in excess of $1,000, that is, approximately $7,166.16, which money had come into his hands and under his control in the execution and under color of his employment with the USPS.

**(Misappropriation of Postal Funds, in violation of Title 18, United States Code, Section 1711)**

### NOTICE OF FORFEITURE

As a result of his conviction for a scheme to commit mail fraud as set forth in Counts One through Three of this Indictment, defendant WINSTEAD shall forfeit to the United States, pursuant to 28 U.S.C. § 2461(c) (incorporating 18 U.S.C. § 981(a)(1)(C) ), the following property which constitutes or is derived from proceeds obtained directly or indirectly as a result of the said violations:

**Money Judgment: $31,757.79**

which represents a sum of money equal to an amount of money constituting, or derived from, proceeds obtained, directly or indirectly, as the result of the defendant's commission of the federal fraud offenses, in violation of 18 U.S.C. § 1341.

Pursuant to 21 U.S.C. § 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant shall forfeit substitute property, up to the value of the amount described above, if, by any act or omission of said defendant, the property identified above as subject to forfeiture:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred, sold to or deposited with a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty.

All in accordance with 18 U.S.C. § 982 and 28 U.S.C. § 2461 (incorporating 18 U.S.C. § 981(a)(1)) and Rule 32.2(a), Federal Rules of Criminal Procedure.

  **(Criminal Forfeiture pursuant to Title 18, United States Code, Sections 981 and 982, Title 28 United States Code, Section 2461, and Fed. R. Crim. P. 32.2(b)(1))**

                A TRUE BILL:

                FOREPERSON


ATTORNEY OF THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA