IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-339 (JDB) |
| | : | MAGISTRATE NO. 07-MJ-057 |
| v. | : | |
| | : | |
| JOSEPH S. WINSTEAD, | : | **FILED** |
| | : | |
| Defendant. | : | FEB 1 3 2008 |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## STATEMENT OF OFFENSE

Pursuant to Fed. R. Crim. P. 11, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and defendant JOSEPH S. WINSTEAD (hereinafter "WINSTEAD"), with the concurrence of his attorney, Paul D. Hunt., agree and stipulate as follows:

1. The defendant is charged in Count one of the Indictment with one count of Mail Fraud, pursuant to Title 18, United States Code, Section 1344 and Section 2 (Causing an act to be done).

### Introduction

At all times material:

2. The United States Postal Service (hereinafter "USPS") operated the Curseen-Morris Processing and Distribution Center at 900 Brentwood Road, N.E., in the District of Columbia (hereinafter "Curseen-Morris").

3. Defendant WINSTEAD was employed by the USPS as a Mail Processor, primarily at Curseen-Morris. Included within defendant's duties, among others, was the processing of United States mail.

4. When a USPS employee was called for jury service in federal court, the employee was entitled to be paid his or her normal salary while they actually served as a juror or prospective juror.

The employee was required, however, to submit documentation from the court showing the days that they actually were serving as a juror or prospective juror so the employee could be paid for court leave. Absent such documentation, the employee would be placed on leave without pay or absence without leave from USPS.

5. When individuals were called for jury service in the United States District Court for the District of Columbia, the Court would send a Summons for Jury Service to the individual to appear. When the individual arrived at the court building, he or she would report to the Jury Office on the fourth floor. The prospective juror would bring his or her Summons and scan it in to show that they had reported. There was a bar code on the Summons and a Juror Qualification Questionnaire provided to the prospective juror and the bar code was scanned every day to record attendance. Individuals summoned for jury service were given an orientation before the jury selection process started.

6. When an individual was selected to participate as a prospective juror in a specific trial, the courtroom deputy would do a head count by calling out each individual's four digit juror number. The deputy would require a response for each person called, or would note an absence.

7. Attendance records were available for jurors to pick up every day in the Jury Office. The sheets were printed out and available to the jurors. A print out of attendance for each juror was recorded daily, and it showed a cumulative list of dates served by the juror. A court employee would also handwrite the dates of service on the back of the Juror Qualification Questionnaire showing each day the juror was in attendance.

8. During orientation, on the back of their Summons, and often by the District Judge during trial, jurors were told that on days when the jury was not sitting in Court that they should report to

work or follow their normal routine.

### Defendant Winstead's Actions

9. In or about the Fall of 2003, WINSTEAD was sent a Summons by the United States District Court for the District of Columbia to appear for jury service on or about October 1, 2003. WINSTEAD did so appear and went through a juror orientation on or about October 1, 2003.

10. Pursuant to the summons discussed in paragraph 9, above, WINSTEAD did in fact serve on a jury and did submit to his supervisors documentation that he so served. WINSTEAD, however, also submitted fraudulent documents showing him serving on the jury for approximately 144 days when he in fact did not do so, including many days past his dismissal from the jury on or about April 15, 2004.

11. As a result of WINSTEAD's actions as set forth in paragraph 10, above, WINSTEAD was paid by the USPS approximately $31,757.79 that he should not have been paid.

### Use of the Mails in Furtherance of the Scheme and Artifice

12. On or about the approximate dates listed below, WINSTEAD, for the purpose of executing and attempting to execute the scheme and artifice, did place and cause to be placed in an authorized depository for mail matter an envelope, containing fraudulent documents which purported to be court documents showing WINSTEAD's attendance in court on specific dates as a juror, to be sent and delivered by the United States Postal Service. The envelopes were sent by certified mail and addressed to Linda Jackson, Attendance Control Tour-1, Curseen Morris P&DC, 900 Brentwood

Road, N.E., Washington, D.C. 20066, with the return address being for WINSTEAD in Washington, D.C.:

| Count | Date (on or about) | Mailed Fraudulent Document |
|---|---|---|
| 1 | June 29, 2004 | Showing WINSTEAD's attendance in court on June 16, 17, 18, 21, 22, 23, 24, 25, 28 and 29, 2004 |

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
for the District of Columbia
D.C. Bar No. 498610

By: *Daniel P. Butler*
DANIEL P. BUTLER
Assistant United States Attorney
D.C. Bar No. 417718
555 4th Street, N.W., Room 5231
Washington, D.C.  20530
(202) 353-9431
Daniel.Butler@USDOJ.Gov

### DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Fed. R. Crim. P. 11, after consulting with my attorney, Mr. Paul D. Hunt, I agree and stipulate to this Statement of Offense.

Date: 2/13/08

*Joseph S. Winstead*
Joseph S. Winstead
Defendant

      I have discussed this Statement of Offense with my client, Mr. Joseph S. Winstead. I concur with his decision to stipulate to this Statement of Offense.

Date: __2/13/08__             _____
                                                    Mr. Paul D. Hunt
                                                    Attorney for Defendant Joseph S. Winstead